IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIRLEY M. GREEN,

Plaintiff, No. 10-cv-0499-GEB-JFM (PS)

vs.

PLM LENDERS, FIDELITY NATIONAL TITLE COMPANY, BANKIM PATEL,

Defendants. ORDER

_______________________________/

Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff brings this action for relief under the Civil Rights Act, 42 U.S.C. §§ 1983 *et seq*. Plaintiff claims she obtained a loan in the amount of $30,000 (allegedly from defendant Bankim Patel) that was secured by her primary residence. (Compl. at 3.) Unable to make timely payments, foreclosure proceedings were commenced. (Id.) Shortly thereafter, plaintiff filed for bankruptcy protection and listed defendant Patel as a creditor. (Id. at 4.) On February 23, 2009, plaintiff's debts were discharged, including the loan from Patel. (Id.)

Plaintiff now claims that since her debt to Patel was discharged, Patel has continued to contact her regarding the debt, including placing plaintiff's residence for sale, which he then purchased himself. (Compl. at 5.) Subsequently, plaintiff claims Patel filed an Unlawful Detainer action against her for failure to pay rent. (Id.) Plaintiff asserts that, due to the bankruptcy discharge, Patel lost his right to contest the debt at issue and this his actions are in violation of the Civil Rights Act. (Id.)

The Civil Rights Act provides relief to individuals whose "rights, privileges, or immunities secured by the Constitution and laws" were violated by persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Here, there are no facts to imply that any of the defendants – Fidelity National Title Company, PLM Lenders, or Patel – were acting under color of state law.

Based thereon, it appears that plaintiff has failed to state a claim for which relief can be granted. Accordingly, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 1, 2010 request for leave to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

/////

/////

/////

/////

copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: March 29, 2010.

UNITED STATES MAGISTRATE JUDGE

/014.gree0499.ifpgrant+dismiss